UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RAYMOND HYMAN,

                Plaintiff,

-against-

NASSAU COUNTY CORRECTIONAL FACILITY,
GANG DIVISION UNIT,

                Defendant.
----------------------------------------------------------------X
FEUERSTEIN, District Judge:

**ORDER**
12-CV-5098 (SJF)(AKT)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   NOV 09 2012   ★

LONG ISLAND OFFICE

I.     Introduction

      Pending before the Court is the complaint of incarcerated pro se plaintiff Raymond Hyman ("plaintiff") brought pursuant to 42 U.S.C. § 1983 ("section 1983"), accompanied by an application to proceed in forma pauperis. Upon review of plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that his financial position qualifies him to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). However, for the reasons discussed herein, plaintiff's complaint is sua sponte dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i), (ii) and 1915A(b)(1). **Plaintiff is granted leave to file an amended complaint within thirty (30) days from the date of service of this Order upon him. If plaintiff fails to file an amended complaint within thirty (30) days, plaintiff's claims will be dismissed with prejudice.**

II.    The Complaint

      Plaintiff's brief handwritten complaint ("Compl."), submitted on the Court's section 1983 complaint form, alleges that he was arrested on February 15, 2010 for violating an order of

protection. Compl. at ¶ IV. Plaintiff claims that the "gang unit" came to talk with plaintiff because he has a tattoo that reads "The Nation of the Gods & Earths, 5%." Id. Plaintiff claims that he advised the officer from the gang unit that he is no longer affiliated with "the Nation" and has not been so associated since 2000. Id. According to the complaint, plaintiff learned that he was on "gang unit probation" because police precinct paperwork from a prior incident noted that plaintiff was a member of the "Bloods" gang. Id. Plaintiff claims that this notation is a defamation of character and, though he left blank the section of the complaint form that calls for a description of claimed injuries, seeks to recover $100,000 for "defamation of character and physical pain and suffering." Compl. at ¶¶ IV.A., V.

III. Discussion

    A. Application to Proceed In Forma Pauperis

Upon review of plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request for permission to proceed in forma pauperis is granted.

    B. The Prison Litigation Reform Act

The Prison Litigation Reform Act requires a district court to review a complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and to dismiss the complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination.

See 28 U.S.C. § 1915A.

It is axiomatic that the Court is required to read a pro se plaintiff's complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), and to construe it "'to raise the strongest arguments that [it] suggest[s],'" Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Harris v.City of N.Y., 607 F.3d 18, 24 (2d Cir. 2010) (alterations in original)). Moreover, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Kiobel v. Royal DutchPetroleum Co., 621 F.3d 111, 124 (2d Cir. 2010).

A complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

C. Section 1983 Standard

Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

To state a cognizable section 1983 claim, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law" and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United

States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (internal quotation marks omitted). Section 1983 does not create any independent substantive rights but rather is a vehicle to "redress ... the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, in order to state a claim for relief under section 1983, the plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). Personal involvement may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of N.Y., 352 F.3d 733, 753 (2d Cir. 2003). "An individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority'. . . ." Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). A complaint based upon a violation under section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199 (2d Cir. 2010) (summary order).

D. Immunity From Suit

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp.2d 463, 477 (E.D.N.Y.

4

2002); see also, e.g., Lukes v. Nassau Cnty. Jail, No. 12-CV-1139(SJF)(AKT), 2012 WL 1965663, at *2 (E.D.N.Y. May 29, 2012) (dismissing claims against the Nassau County Jail because it is an "administrative arm of Nassau County, without a legal identity separate and apart from the County"); Melendez v. Nassau Cnty., No. 10-CV-2516 (SJF)(WDW), 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (dismissing claims against Nassau County Sheriff's Department because it lacks the capacity to be sued).

Accordingly, plaintiff's claims against the Nassau County Correctional Center's Gang Division Unit are dismissed with prejudice. However, in light of plaintiff's pro se status, the Court will construe his claims to be asserted against Nassau County.

E.  Claims Against Nassau County

It is well-established that a municipality or municipal entity, such as Nassau County, cannot be held liable under section 1983 on a respondeat superior theory. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978). To prevail on a section 1983 claim against a municipality, a plaintiff must "prove that action pursuant to official municipal policy caused the alleged constitutional injury." Cash v. Cnty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011), cert. denied, 132 S. Ct. 1741, 182 L. Ed.2d 528 (2012) (internal quotation marks omitted). "A municipal policy may be pronounced or tacit and reflected in either action or inaction." Id. at 334. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011). Municipal liability may also lie where "a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a deliberate

5

choice." Cash, 654 F.3d at 334 (internal quotation marks omitted).

Even liberally construing the complaint, plaintiff's allegations are insufficient to state a cause of action pursuant to section 1983 against Nassau County. See, e.g., White v. St. Joseph's Hosp., 369 F. App'x 225, 226 (2d Cir. 2010) (affirming sua sponte dismissal of section 1983 claim for the plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom, as is required to state a § 1983 claim against a municipality."). Plaintiff fails to allege: (1) the existence of a formal policy which caused the alleged injury; (2) actions taken or decisions made by policymaking officials which caused the alleged injury; (3) a practice so persistent and widespread as to practically have the force of law which caused the alleged injury; or (4) deliberate indifference on behalf of policymakers to the rights of those who come in contact with their employees.

Accordingly, plaintiff's claims, construed to be against Nassau County, are dismissed. Plaintiff is granted leave to file an amended complaint stating a plausible claim against Nassau County within thirty (30) days from the date of service of this Order upon him.[1] See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."); Chavis, 618 F.3d at 170 ("A pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."). If plaintiff fails to file an amended complaint within thirty (30) days, plaintiff's claims will be dismissed with prejudice.

---

[1] Plaintiff is cautioned that in order to state a plausible claim under section 1983 the amended complaint must allege facts which, if proven, establish that he suffered a constitutional deprivation.

IV. Conclusion

For the foregoing reasons, plaintiff's application to proceed in forma pauperis is GRANTED, and the complaint is dismissed without prejudice. **The complaint will be dismissed with prejudice if plaintiff fails to file an amended complaint in accordance with this Order within thirty (30) days from the date that this Order is served upon him.** The amended complaint must be labeled "Amended Complaint" and shall bear the docket number 12-CV-5098 (SJF)(AKT).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: November 9, 2012
Central Islip, New York